UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 6:16-cr-00043-GFVT |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| RICHARD WALKER, | ) ) | **&** |
| Defendant. | ) ) ) | **ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Richard Walker's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 67.]  For the reasons that follow, Mr. Walker's Motion is **DENIED**.

**I**

On June 12, 2018, Walker pled guilty to Conspiracy to Distribute 500 Grams or More of Methamphetamine and was sentenced to 192 months imprisonment. [R. 49.]  Walker previously filed a Motion for Compassionate Release, [R. 50], that this Court denied. [R. 56.]  Walker filed the instant Motion for Compassionate Release on February 3, 2025.  [R. 67.]

**II**

**A**

First, the Court addresses the exhaustion requirement.  *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).  The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas previously only the Bureau of Prisons could do so.  Pub. L. No. 115-391, § 603(b)(1), 132 Stat.

5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Walker exhausted his administrative remedies. [R. 68 at 2.] Walker made a compassionate release request to his warden through a hard copy on July 24, 2024, which was denied on July 29, 2024. *Id*. Walker's Motion for Compassionate Release was filed on February 3, 2025. [R. 181.] The Government filed its response on February 18, 2025. [R. 68.] Mr. Walker has filed his reply, [R. 69], and the matter having been fully briefed is now ripe for review.

**B**

**1**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). At the Court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. *Id*. at 1107-08.

Walker primarily contends that he is entitled to relief on account of various ongoing and debilitating health problems. [R. 67-2 at 9-15.] Walker has a number of medical conditions,

2

including obesity, essential hypertension, chronic embolism, gout, sleep apnea, and mononeuropathy of the lower limb. [R. 67-4.]  However, Walker does not explain how these have intensified since his last motion.  Furthermore, Walker's medical records show that he is housed at FMC Lexington and appears to be receiving ongoing and successful medical treatment.  A record from December 2, 2024, noted that Walker's "obesity improving with semaglutide," his "gout under control with Allopurinol," that he "uses CPAP for sleep apnea with good results, no daytime tiredness," and that Walker is receiving medication for hypertension and "has no CP, SOB, palpitations." [R. 68-3 at 7-10.]  Nor do Walker's records suggest that he is unable to provide selfcare while incarcerated.  In fact, his records from as recently as January 2025 include notes such as "ambulatory without assistance," and "grooming/hygiene within normal limits, appropriate grooming."  *Id*. at 2.  Taken together Walker's health conditions are not an "extraordinary and compelling" reason under § 3582(c)(1)(A).

**2**

Even if Walker could demonstrate that there were extraordinary and compelling for his release, he would also need to show that the 18 U.S.C. § 3553(a) sentencing factors support his release.  *Jones*, 980 F.3d at 1106.  The Court's analysis of these factors has changed little since it determined Walker's last compassionate release request.  There the court explained that "nature of Mr. Walker's offense is particularly concerning" as it was an extensive, multi-year operation distributing large quantities of methamphetamine.  [R. 56 at 4.]  Furthermore, Walker has a history of drug trafficking, as well as serious personal drug abuse.  *Id*. at 4-5.  Indeed, his probation for several prior robbery and trafficking convictions was previously revoked and he was on supervision for another drug offense during nearly all of his federal drug trafficking conspiracy.  *Id*.  While Walker has commendably completed various programs and remained on

good behavior while incarcerated, [R. 67-4 at 9-32], this does not fully minimize the seriousness of his offense and the accompanying circumstances. In order to provide a just punishment, protect the community, and deter future misconduct, Walker must remain incarcerated.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Mr. Walker's Motion for Compassionate Release **[R. 67]** is **DENIED**.

This the 25th day of March, 2025.

Gregory F. Van Tatenhove
United States District Judge